IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–10–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ERIC T. RODEN, | |
| Defendant. | |

Before the Court is Defendant Eric T. Roden's Motion for Early Termination of Supervision.  (Doc. 47.)  Roden pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and, on August 23, 2018, was sentenced to a custodial sentence of 46 months, followed by 3 years of supervised release.  (Doc. 34.)  Roden began his period of supervised release on June 11, 2021, and is currently supervised by the United States Probation Office for the District of Montana.  (Doc. 48 at 2.)  Roden now seeks the premature termination of his remaining term of supervised release, which is set to terminate on June 11, 2024.  (Doc. 50 at 1.)  Both the United States Attorney's Office and the United States Probation Office object to the motion.  (Doc. 48 at 2.)

A court may release a defendant from a previously ordered term of supervision so long as he has completed at least one year of supervised release. 18 U.S.C. §

3583(e)(1).   In deciding whether early termination is appropriate, a court is instructed to consider the factors found at 18 U.S.C. § 3553(a).  This includes, inter alia: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "the need for the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," and (b) "to protect the public from further crimes of the defendant."  *Id.* § 3553(a).  A court "enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted).  A defendant bears the burden to show that such course of action is justified.  *Id.* at 824.

Roden argues that early termination is warranted because he has been compliant with all supervision terms and conditions and has satisfied his financial obligations.  (Doc. 48 at 2.)  He has participated in mental health treatment and has maintained employment while released.  (*Id.* at 5–6.)  Roden also argues that "early-release defendants are less likely than full term supervised release defendants to reoffend" and that terminating his supervision "would allow the Montana district to devote those resources to supervising and monitoring those offenders who present a risk to community safety and require continued supervision."  (*Id.* at 3–4.)

The United States responds that the "nature and circumstances of the offense weigh against early termination."  (Doc. 50 at 3.)  Roden has had "an unusually large

number of law enforcement contacts" and "possessed three firearms, including a semiautomatic firearm capable of accepting a large capacity magazine." (*Id.* at 3.) The United States also notes that Roden has failed to secure stable housing, which raises concerns about his ability to maintain stability moving forward. (*Id.* at 4.)

Given the concerns of the United States and the United States Probation Office, the Court finds that early termination is not appropriate.

Accordingly, IT IS ORDERED that the motion (Doc. 47) is DENIED. DATED this 14th day of August, 2023.

Dana L. Christensen, District Judge
United States District Court